# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | | |
|---|---|---|
| DEUTSCHE BANK NATIONAL TRUST COMPANY, as trustee for Morgan Stanley ABS Capital I Inc Trust 2007-NC1 Mortgage Pass-through Certificates, Series 2007-NC1, | ) ) ) ) ) | |
| Plaintiff, | ) ) | Case No. 13-cv-2433 |
| v. | ) ) | Judge Robert M. Dow, Jr. |
| FLORA GREER, AUNDRE PAGE, SPRINGLEAF FINANCIAL SERVICES OF ILLINOIS, INC, f/k/a American General Financial Services of Illinois, Inc., ILLINOIS DEPARTMENT OF HEALTHCARE AND FAMILY SERVICES COLLECTION AND ASSET RECOVERY UNIT, and VILLAGE OF MAYWOOD, an Illinois Municipal Corporation | ) ) ) ) ) ) ) ) ) ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION AND ORDER

Plaintiff Deutsche Bank National Trust Company filed a mortgage foreclosure complaint against Defendants Flora Greer, Aundre Page, Springleaf Financial Services of Illinois, Inc., Illinois Department of Healthcare and Family Services Collection and Asset Recovery Unit, and Village of Maywood. Plaintiff alleges that Defendants Greer and Page signed a note and mortgage to borrow $172,800 in August 2006 and that they have now defaulted on those obligations. Before the Court are Plaintiff's motion for summary judgment and judgment of foreclosure [21], motion for default judgment and judgment of foreclosure [20], and motion to appoint a special commissioner [19]. For the reasons that follow, the Court grants Plaintiff's

motion for summary judgment [21], motion for default judgment [20], and motion to appoint a special commissioner [19]. A separate Judgment of Foreclosure and Sale will be entered.

I. **Background**

The Court takes the relevant facts from Plaintiff's Local Rule 56.1 Statement of Material Facts [23] and supporting exhibits. Defendants Greer and Page failed to file a response to Plaintiff's motion for summary judgment or Plaintiff's Local Rule 56.1 statement. The Court granted Defendants Greer and Page's motion for extension of time until September 28, 2016 to file their response to Plaintiff's motion for summary judgment. [28.] The Court has also provided Defendant Greer and Defendant Page with business cards to the Pro Se Assistance Program. [25.] The Court has waited several months past the September 28, 2016 deadline, but Defendants have not filed a response nor moved for another extension of time. Therefore, pursuant to Local Rule 56.1(b)(3)(C), Plaintiff's fact statements are deemed admitted. N.D. Ill. L.R. 56.1(b)(3)(C) ("All material facts set forth in the statement required of the moving party will be deemed to be admitted unless controverted by the statement of the opposing party."); see also *Raymond v. Ameritech Corp.*, 442 F.3d 600, 608 (7th Cir. 2006) (affirming district court's decision to admit the facts set forth in moving party's Local Rule 56.1 submission where nonmovant failed to timely respond or submit its own Local Rule 56.1 statement); *De v. City of Chicago*, 912 F. Supp. 2d 709, 712–13 (N.D. Ill. 2012) ("The Seventh Circuit has repeatedly held that a district court has broad discretion to require strict compliance with Local Rule 56.1." (citation and internal quotation marks omitted)).

On or about August 23, 2006, New Century Mortgage Corporation ("New Century") lent Defendants Greer and Page the sum of $172,800. [23, at ¶ 8; 23, Exhibit B (Note).] Defendants Greer and Page executed a mortgage in favor of New Century in exchange for receiving this

money. [23, at ¶ 9.] Defendants Greer and Page agreed to make monthly payments on the first of every month, starting on October 1, 2006. [*Id.* at ¶ 10.] New Century perfected its interest in the note by recording a mortgage with the Cook County Recorder of Deeds on September 13, 2006 as Document # 0625626142. [23, at ¶ 11; 23, Exhibit C.] The legal description of the property is as follows: "Lots 14 and 15 in Block 168 in Maywood, a Subdivision in Sections 2, 11 and 12, Township 39 North, Range 12, East of the Third Principal Meridian, in Cook County, Illinois." [23, at ¶ 12; 23, Exhibit C, at 4.] The property is more commonly known as 1510 S. 2nd Avenue, Maywood, Illinois 60153 ("the subject property"). [23, at ¶ 13; 23, Exhibit C, at 3.]

In August 2012, Defendants Greer and Page failed to pay the monthly installment payment due. [23, at ¶ 14; 23, Exhibit D (Affidavit of Amounts Due and Owing).] Defendant Greer filed for bankruptcy on June 6, 2013.[1] [23, at ¶ 15.] Pursuant to the Chapter 13 Plan, Defendant Greer was to make monthly payments to Plaintiff's servicer, Ocwen Loan Servicing, LLC. [23, at ¶ 16; 23, Exhibit F (Chapter 13 Plan, Case No. 13-23483).] On January 22, 2014, the bankruptcy court entered an agreed order conditionally modifying the debtor and co-debtor stay, stating that in the event that Defendant Greer failed to comply with the repayment terms laid out in the agreed order, the automatic stay would be terminated as to Plaintiff, and Plaintiff would be permitted to exercise any rights granted to it by the loan document with respect to Defendant Greer and the subject property. [23, at ¶ 17; 23, Exhibit G (Agreed Order Conditionally Modifying the Debtor and Co-Debtor Stay).] Defendant Greer failed to make regular post-petition payments to Plaintiff's servicer. [23, at ¶ 18; 23, Exhibit D (Affidavit of Amounts Due and Owing) and Exhibit H (Affidavit of Default on Agreed Order Conditionally Modifying the Debtor and Co-Debtor Stay).] Pursuant to the Affidavit of Default on Agreed Order Conditionally Modifying the Debtor and Co-Debtor Stay, Plaintiff was granted relief from

---

[1] Case No. 13-23483.

the automatic stay as to the subject property. [23, at ¶ 19; 23, Exhibit H, at ¶ 4.] Plaintiff has executed a Loss Mitigation Affidavit detailing all loss mitigation activity relating to this matter. [23, at ¶ 20; 23, Exhibit E.]

Plaintiff initiated these proceedings on April 2, 2013, seeking a Judgment of Foreclosure and Sale. [1 (Complaint).] Plaintiff joined Defendants Springleaf Financial Services of Illinois Inc., Illinois Department of Healthcare and Family Services Collection and Asset Recovery Unit, and Village of Maywood, seeking to terminate their interests or liens on the subject property.[2] [*Id.* at 3.] Defendant Greer filed an answer to Plaintiff's complaint on April 11, 2013, indicating that she was behind on payments "due to lack of work hours" and "due to medical conditions." [See 4.] She also indicated that she wished to exercise her right of redemption by paying the total amount due within 210 days of the date on which she was served or 90 days after a judgment is entered by the Court. [4.] The Court granted Defendant Page's oral motion to adopt Defendant Greer's answer. [25.] Defendants Springleaf Financial Services of Illinois Inc., Illinois Department of Healthcare and Family Services Collection and Asset Recovery Unit, and Village of Maywood have not answered or otherwise responded to Plaintiff's complaint.

On June 21, 2016, Plaintiff filed a motion [21] for summary judgment as to Defendants Greer and Page.[3] Plaintiff also filed a motion [20] for default judgment as to the remaining Defendants and a motion [19] to appoint Judicial Sales Corp. as Special Commissioner for the

---

[2] According to Plaintiff's complaint, Springleaf Financial Services of Illinois is party to this action by virtue of a judgment entered against Defendant Greer in case number 03MI-162815, docketed December 18, 2003, in instrument 0335231098, in the amount of $1,951.66; Illinois Department of Healthcare and Family Services Collection and Asset Recovery Unit is party to this action by virtue of a judgment entered against Defendant Page in case number 6, docketed October 15, 2007, in instrument 0728815106, in the amount of $24,573.95; and Village of Maywood is party to this action by virtue of a judgment entered against Defendant Greer in case number B09-105, docketed July 6, 2009, in instrument 0918754042, in the amount of $150. [*Id.* at 3–4.]

[3] The motion was originally a motion for summary judgment as to Defendant Greer, and the Court granted Plaintiff's oral motion to add Defendant Page to Plaintiff's motion for summary judgment. [25.]

purpose of conducting a public foreclosure sale, pursuant to §§ 1507 and 1506(f) of the Illinois Mortgage Foreclosure Law and 28 U.S.C. § 2001(a).

## II.     Legal Standards

Summary judgment is proper where "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). "Once a party has made a properly-supported motion for summary judgment, the opposing party may not simply rest upon the pleadings but must instead submit evidentiary materials that 'set forth specific facts showing that there is a genuine issue for trial.'" *Harney v. Speedway SuperAmerica, LLC*, 526 F.3d 1099, 1104 (7th Cir. 2008) (quoting Fed. R. Civ. P. 56(e)); see also *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986). A genuine issue of material fact exists if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.* at 248. The party seeking summary judgment has the burden of establishing the lack of any genuine issue of material fact. See *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). In evaluating a motion for summary judgment, the Court will construe all facts in the light most favorable to the nonmoving party and draw all reasonable inferences in favor of the nonmoving party. *Bell v. Taylor*, 827 F.3d 699, 704 (7th Cir. 2016). It is not the role of the Court to scour the record in search of evidence to defeat a motion for summary judgment; instead, the nonmoving party bears the responsibility of identifying evidence to defeat summary judgment. *Harney*, 526 F.3d at 1104. Although a failure to respond to the moving party's Local Rule 56.1 statement results in "deeming admitted" the moving party's factual statements, a nonmovant's failure to respond to a summary judgment motion or failure to comply with Local Rule 56.1 does not, of course, automatically result in judgment for the

5

movant. *Raymond*, 442 F.3d at 608. The ultimate burden of persuasion remains on the moving party to show that it is entitled to judgment as a matter of law.

Under Federal Rule of Civil Procedure 55(a), a court may enter a default judgment when a defendant fails to plead or otherwise defend. Fed. R. Civ. P. 55(a); see *Breuer Elec. Mfg. Co. v. Toronado Systems of America, Inc.*, 687 F.2d 182, 185 (7th Cir. 1982). On a motion for default judgment, the Court accepts all well-plead facts of the complaint as true. See *e360 Insight v. The Spamhaus Project*, 500 F.3d 594, 605 (7th Cir. 2007). The decision to enter a default judgment lies within the Court's discretion. See *Silva v. City of Madison*, 69 F.3d 1368, 1377 (7th Cir. 1995). As a general rule, a default judgment establishes, as a matter of law, that defendants are liable to plaintiff as to each cause of action alleged in the complaint. *U.S. v. Di Mucci*, 879 F.2d 1488, 1497 (7th Cir. 1989). The defaulting party cannot contest the fact of his liability, unless the entry of default is vacated under Rule 55(c). *VLM Food Trading Intern., Inc. v. Illinois Trading Co.*, 811 F.3d 247, 255 (7th Cir. 2016) (citing Fed. R. Civ. P. 55(c)).

## III.     Analysis

Plaintiff moves for summary judgment and judgment of foreclosure against Defendants Greer and Page and default judgment and judgment of foreclosure against Defendants Springleaf Financial Services of Illinois Inc., Illinois Department of Healthcare and Family Services Collection and Asset Recovery Unit, and Village of Maywood. Plaintiff argues that it is entitled to judgment of foreclosure and an award of $89,211.57 as of April 4, 2016, with interest accruing on the unpaid principal balance of $74,782.53 at $6.23 per day, plus attorney's fees, foreclosure costs, late charges, advances, and expenses of $575 incurred by Plaintiff as a result of the default.

This matter is before the Court pursuant to the Court's diversity jurisdiction. See 28 U.S.C. § 1332. In diversity cases, the Court applies federal procedural law and state substantive

law. *Santa's Best Craft, LLC v. St. Paul Fire & Marine Ins. Co.*, 611 F.3d 339, 345 (7th Cir. 2010). Here, Illinois substantive law applies because the case involves the foreclosure of a mortgage on real property that is located in Illinois.

Under Illinois Mortgage Foreclosure Law, 735 ILCS 5/15-1101 *et seq.*, a mortgage is "any consensual lien created by a written instrument which grants or retains an interest in real estate to secure a debt or other obligation." 735 ILCS 5/15-1207. "[F]rom the time a mortgage is recorded it shall be a lien upon the real estate that is the subject of the mortgage for all monies advanced or applied or other obligations secured in accordance with the terms of the mortgage or as authorized by law * * *." 735 ILCS 5/15-1301. Generally speaking, a lien that is properly recorded has priority over and is entitled to satisfaction before liens that are subsequently recorded on the same property. See, *e.g.*, *Union Planters Bank, N.A. v. FT Mortgage Cos.*, 794 N.E.2d 360, 363–64 (Ill. App. Ct. 2003). The holder of a mortgage may face a foreclosure action if he does not timely comply with his obligations under the mortgage. "To foreclose" means "to terminate legal and equitable interests in real estate pursuant to a foreclosure." 735 ILCS 5/15-1203. In Illinois, a party bringing a mortgage foreclosure action must attach a copy of the note and mortgage to its complaint. 735 ILCS 5/15-1504.

Defendants Greer and Page, by failing to respond to Plaintiff's motion for summary judgment [21], have not made any attempt to establish that a genuine issue of material fact exists concerning Plaintiff's entitlement to judgment against them. Copies of the mortgage and note were attached to Plaintiff's complaint and to its Local Rule 56.1 Statement of Material Facts accompanying its motion for summary judgment. [1, Exhibits 3 (Mortgage) and 4 (Note); 23, Exhibits B (Note) and C (Mortgage).] Thus, the factual record before the Court demonstrates that there are no genuine issues of material fact with respect to any elements of Plaintiff's

foreclosure claim; namely, that (1) Defendants had a mortgage on the subject property; (2) they failed to pay; and (3) they defaulted. See *Deutsche Bank Nat'l Trust, Co. v. Ortiz*, 2014 WL 117347, at *4 (N.D. Ill. Jan. 13, 2014).

Furthermore, Plaintiff has shown that it suffered damages as a result of Defendants' actions. Plaintiff has presented evidence demonstrating that Defendants Greer and Page owe Plaintiff $89,211.57 as of April 4, 2016, with interest accruing on the unpaid principal balance of $74,782.53 at a rate of $6.23 per day, plus attorney's fees of $575. [See 23, Exhibit D (Affidavit of Amounts Due and Owing).] Because Plaintiff has submitted uncontroverted evidence supporting all elements of its mortgage foreclosure claim against Defendants Greer and Page, the Court grants Plaintiff's motion for summary judgment and awards Plaintiff its requested relief. Additionally, the Court grants Plaintiff's motion for default judgment against Defendants Springleaf Financial Services of Illinois Inc., Illinois Department of Healthcare and Family Services Collection and Asset Recovery Unit, and Village of Maywood, who have failed to answer, plead, or otherwise defend the allegations of Plaintiff's complaint. For purposes of the sale, the Court grants Plaintiff's motion [19] and appoints Judicial Sales Corp. as Special Commissioner for the purpose of conducting a public foreclosure sale of the subject property in accordance with those terms set forth in the Judgment of Foreclosure and Sale.

## IV. Conclusion

For the reasons explained above, the Court grants Plaintiff's motion for summary judgment and judgment of foreclosure [21], motion for default judgment and judgment of foreclosure [20], and motion to appoint a special commissioner [19]. Summary judgment is entered against Defendants Greer and Page. Default judgment is entered against Defendants Springleaf Financial Services of Illinois Inc., Illinois Department of Healthcare and Family

8

Services Collection and Asset Recovery Unit, and Village of Maywood. The full details of the judgment are set forth more fully in the separate Judgment of Foreclosure and Sale. For purposes of the sale, the Court appoints Judicial Sales Corp. as Special Commissioner for the purpose of conducting a public foreclosure sale of the subject property in accordance with those terms set forth in the Judgment of Foreclosure and Sale.

Dated: January 3, 2017

_____
Robert M. Dow, Jr.
United States District Judge